UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BYRON BLUNT** | : | **DOCKET NO. 21-cv-00180** |
| REG. # 21379-043 | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **SANJAT MA'AT** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition filed by plaintiff Byron Blunt, who is proceeding pro se and in forma pauperis in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Blunt is currently serving a sentenced imposed on December 12, 2019, by the United States District Court for the Southern District of Mississippi, Gulfport Division, in docket number 1:19-CR-00056-HSO-JCG-09. Doc. 1, p. 1, ¶ 4. He contends that he has been stripped of vested good time and earned time diminution credits. Id. at ¶ 6.

On May 5, 2021, the undersigned ordered Blunt to amend his petition to provide additional information regarding his claims. Doc. 6. Blunt has not filed an amendment in accordance with the Order.

**II.**
**LAW & APPLICATION**

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Blunt has failed to comply with an Order directing him to amend his petition. This failure on his part warrants dismissal.

### III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Blunt's petition be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 1st day of September, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE